**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Sportbrain Holdings LLC**, an Illinois limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>**Haier America Company, L.L.C.; Haier Group,**<br><br>    Defendant. | Civil Action No.:_____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Sportbrain Holdings LLC ("Sportbrain"), through its attorney, Isaac Rabicoff, complains of **Haier America Company, L.L.C.; Haier Group** ("Haier") as follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action to stop Defendant Haier's infringement of Plaintiff Sportbrain's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. Sportbrain seeks monetary damages.

## THE PARTIES

2.    Plaintiff Sportbrain is an Illinois limited liability company. Sportbrain is the
exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including
the exclusive right to exclude Haier from making, using, selling, offering to sell or
importing in this district and elsewhere into the United States the patented
invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to
sue Haier for infringement and recover past damages.

3.    Haier America Company, L.L.C. is a corporation organized under the laws of
Delaware with its principal place of business located in Wayne, New Jersey.

4.    Haier Group is a foreign corporation with its principal place of business located in
China.

## JURISDICTION AND VENUE

5.    This is an action for patent infringement arising under the Patent Laws of the
United States, Title 35 of the United States Code.

6.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Haier because, among other things, it
transacts business in this judicial District, at least by offering to sell, selling and/or
advertising infringing products and services, including at least the Haier G6 watch
and Haier companion apps (collectively "Accused Products and Services"), in such
a way as to reach customers in Illinois and this judicial district including, but not
limited to, over the internet, and through retail stores located throughout this

COMPLAINT FOR PATENT INFRINGEMENT

district. Haier also directly markets and sells its infringing products and services to Illinois residents, including through its own website, http://www.haier.com/.

8.    Haier has, consequently, committed acts of infringement in this judicial district.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Haier has committed acts of infringement in this district.

### COUNT I: INFRINGEMENT OF THE '002 PATENT

10.    Sportbrain realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

11.    The '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.    Haier has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Haier has infringed and continues to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website.

13. Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

14. In particular, using at least an accelerometer and/or motion sensor, the Haier G6 watch acts as the personal parameter receiver, collecting data about the activity of the user, including at least recording the number of steps taken by the user when the product is active. The Haier G6 watch and Haier companion apps (collectively the "Haier G6 product") connect to wireless communication devices, including smartphones, for capturing personal data via a bluetooth connection. The Haier G6 product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or Haier companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

15. Haier has also partnered with third parties to provide additional companion apps; to the extent that these third party companion apps (in combination with the G6 watch) carry out the remaining steps of the method in at least claim 1, these acts are attributable to Haier under a theory of divided infringement, and Haier directly infringes on the patent-in-suit.

COMPLAINT FOR PATENT INFRINGEMENT

16.    Haier also has and continues to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Haier has actively induced, and continues to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use Haier's devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Haier has specifically intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required to infringe one or more claims of the '002 Patent is accomplished by Haier and Haier's customer jointly, Haier's actions have solely caused all of the steps to be performed.

17.    Haier knew or should have known that its conduct of advertising and instructing would induce others to use its products and services in a manner that infringes the '002 Patent.

18.     Sportbrain has complied with the provisions of 35 U.S.C. § 287 to the extent they

are applicable.

19.     Haier's aforesaid activities have been without authority and/or license from

Sportbrain.

20.     Haier's infringement has injured Sportbrain and it is entitled to recover damages

adequate to compensate it for such infringement, but in no event less than a

reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff Sportbrain respectfully asks this Court to enter judgment

against Defendant Haier for infringement and against its respective subsidiaries,

successors, parents, affiliates, officers, directors, agents, servants, employees, and all

persons in active concert or participation with it, granting the following relief:

A.      Haier has infringed and is infringing one or more claims of the '002 Patent;

B.      Haier accounts to Sportbrain for damages adequate to compensate for

Haier's infringement of the '002 Patent and that such damages be awarded

to Sportbrain, including pre-judgment and post-judgment interest;

C.      This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285

and that the Court award Sportbrain its expenses and attorneys' fees

incurred in bringing and prosecuting this action; and

D.      Sportbrain be awarded such further and additional relief as the Court deems

just and proper.

**JURY DEMAND**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Sportbrain respectfully requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

ISAAC RABICOFF
RABICOFF LAW LLC
73 W MONROE ST
CHICAGO, IL 60603
773-669-4590
ISAAC @ RABILAW.COM

COMPLAINT FOR PATENT INFRINGEMENT